SAMUEL HULL *v.* AMOS BASSETT ET AL.

Pleading—Answer—Variance between Allegations and Written Contract.

> An answer, alleging that by an oral stipulation, (inconsistent with the written memorial of the contract sued on) the sale was to be void if the owners of a remainder should refuse to relinquish their interest, without proof of fraud or mistake in the written contract, is inadmissibble.

Contract of Sale—Personal Property—Binding Consideration.

> A purchaser of personal property in which there is a remainder life interest to others, known to him at the time, though the sale be attemped absolute with general warranty, is held to be estopped from denying liability on a note given for the purchase price, his purchase of the life estate being held to be a binding consideration.

Same—Action—Warranty.

> His only remedy would be an independant action against the vendor on his general warranty.

APPEAL FROM MASON CIRCUIT COURT.

June 5, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The bill of sale, though peculiarly ambiguous, purports a sale of the absolute title to *Minerva* as Basset's slave and a general warranty of such title.

It appears that, at the time of the sale, the vendee (now appellant) knew the *status* of the title to be a life estate in the vendor Basset, with remainder in his deceased wife's descendants, two of whom were infants, and some others married women. None of these were parties to the sale, which implies that, on the payment (a year after its date) of the consideration, they were to relinquish their title. The appellant must therefore be presumed to have known that all he got by his purchase was the appellee's life estate and his guaranty of the remainder, and this was a bind·ing consideration commensurable with the amount of the note, and left no ground for a plea in bar of the action on the note, or for any other relief than an independent action on Basset's warranty, as the only remedy for a refusal by the owners of the remainder to con- .

firm the sale whenever a confirmation should be demanded by the appellant. And there is no proof of any such demand and refusal. There is therefore no proof of even a partial failure of consideration or of fraud. Nor although appellant enjoyed the use and retained the possession of Minerva for more than three years succeeding his purchase, is there any proof of an offer to return her, or to pay any portion of the price, or even hire.

The appellant alleges in an answer that by an oral stipulation, inconsistent with the written memorial of the contract, the sale was to be void if the owners of the remainder should refuse to relinquish to him their interest. But such a defense, either partial or total, without proof of fraud or mistake in the written contract is inadmissible. And even if it were admissible, it would be unavailing, as there is no pretense of proof of demand and refusal.

Wherefore, the judgment for the whole amount of the note for the price of Minerva is approved and affirmed.